UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

………………………………………………..x
GLISPA GMBH                                     )
                                                )
                          Petitioner            )
                                                )     Civil Action No. 1:16-cv-2154 (NRB)
            v.                                  )
                                                )
                                                )
CUPCAKE DIGITAL, INC.                           )
                                                )
                          Respondent            )
………………………………………………….x

**PETITIONER'S REPLY IN SUPPORT OF AN ORDER OF
ATTACHMENT IN AID OF ARBITRATION PURSUANT TO CPLR § 7502(c)**

## TABLE OF CONTENTS

ARGUMENT ................................................................................................................. 2

I.     The Standard For Attachment In Aid of Arbitration Is More Lenient Than For Pre-Judgment Attachment ................................................................................. 2

II.    The Uncontested Facts Show That An Arbitration Award May Be Rendered Ineffectual Absent Attachment ..................................................................... 3

    A.    Cupcake improperly required Glispa to meet a heightened standard of proof ....... 4

    B.    The uncontested facts show a recent pattern of not paying creditors and not cooperating in proceedings ...................................................................... 4

    C.    Attachment of a portion of accounts receivable should not prejudice Cupcake if it was financially solvent .............................................................................. 6

III.    Respondent's Other Arguments Have No Merit ................................................. 6

    A.    Cupcake's failure to pay Phillips Nizer is not an isolated incident ...................... 6

    B.    The Powers Declaration confirms the financial problems at Cupcake ................. 8

CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Camilli v. Meyers Assoc. L.P*,
  2016 NY Slip Op. 30539(U) (Sup. Ct. N.Y. Cty. April 13, 2015) ....................................... 10

*Capital Ventures Int'l v. Rep. of Argentina,*
  443 F.3d 214 (2d Cir. 2006) ............................................................................................. 3, 6

*County Natwest Sec. Corp. USA v. Jesup Josephthal & Co.*,
  180 A.D.2d 468, 579 N.Y.S.2d 376 (N.Y. 1st Dep't 1992) ..................................................... 4

*Mishcon De Reya N.Y. LLP v. Grail Semiconductor, Inc.,*
  11 cv 04971 (RJH), 2011 U.S. Dist. LEXIS 150998 (S.D.N.Y. Dec. 28, 2011)......... 2, 3, 4, 8

*Shah v. Commercial Bank,*
  No. 09 Civ. 6121, 2010 U.S. Dist. LEXIS 19717 (S.D.N.Y. Mar. 4, 2010) .......................... 4

*Swift Splash Ltd. v. The Rice Corp*.,
  No. 10 Civ. 6448, 2010 U.S. Dist. LEXIS 101324 (S.D.N.Y. Sept. 27, 2010) .................. 7, 8

**Statutes**

CPLR § 6212(a) .......................................................................................................................... 2

CPLR § 7502(c) .................................................................................................................... 1, 2, 4

Petitioner glispa GmbH ("Glispa") respectfully submits this reply in support of its Petition for an Order of Attachment. (Doc. No. 1).

Respondent Cupcake Digital, Inc.'s ("Cupcake") Memorandum Of Law In Opposition To Petitioner's Petition For An Order Of Attachment In Aid Of Arbitration (Doc. No. 12) ["Opposition"] tries to portray Cupcake's failure to pay a prior law firm, Phillips Nizer, as an isolated incident.  However, the uncontested facts show a series of recent failures by Cupcake, including:  (1) failure to pay Phillips Nizer, (2) failure to pay Glispa's four invoices, (3) failure to respond to inquiries concerning Glispa's invoices, (4) failure to pay Delaware corporate taxes, (5) failure to file required New York State corporate documents and (6) failure to participate in legal and arbitration proceedings.[1]  All of these failures are fairly recent and portend some kind of financial and corporate crisis possibly rendering a future arbitration award ineffectual.[2]  Based upon these facts an order of attachment pursuant to CPLR § 7502(c) for a portion of Cupcake's accounts receivable is warranted.

Respondent's Opposition does not provide any substantive arguments to dissuade this Court from issuing an order of attachment.  Cupcake's arguments in the Opposition are solely predicated on a self-serving and unsupported declaration of its CEO, Brad Powers, ("Powers Declaration").  In fact, as shown below, the Powers Declaration actually confirms Cupcake's financial crisis.  Moreover, Mr. Powers does not address the failures to cooperate in the Phillips Nizer litigation and in the ICC arbitration between Glispa and Cupcake ("ICC arbitration").  These failures call into question the corporate stability and long term survival of Cupcake and

---

[1] Respondent downplays these later failures stating that they are "of no consequence to the analysis." Opp. at 7.n.  Respondent is wrong.  These failures show a recent pattern of financial and compliance problems that call into question the current and future financial well-being of Cupcake and its internal stability.

[2] Significantly, an arbitration award is likely and imminent.  Cupcake did not interpose an answer or affirmative defenses in the arbitration.  Schmidt Decl., ¶ 25; Exh. 14.  Further, in its Opposition Cupcake does not contest that Glispa will likely succeed on the merits or contest the amount of Glispa's invoices.

show the need for an attachment.

For these reasons stated above and more fully below, this case presents a paradigm situation for the application of CPLR § 7502(c).  This Court should grant Glispa's request for an attachment of Cupcake's accounts receivable, a portion of which was made possible by Glispa's efforts, up to the $170,723.34.

## ARGUMENT

**I.     The Standard For Attachment In Aid of Arbitration
        Is More Lenient Than For Pre-Judgment Attachment**

It is well settled that the New York State Legislature replaced the grounds for attachment of CPLR § 6201 when drafting CPLR § 7502(c) with the more lenient standard of "may be rendered ineffectual." *See Mishcon De Reya N.Y. LLP v. Grail Semiconductor, Inc.,* 11 cv 04971 (RJH), 2011 U.S. Dist. LEXIS 150998, *31 (S.D.N.Y. Dec. 28, 2011). As this Court recognized, the more lenient standard likely results from the fact that it is more time-consuming and costly for a winning arbitration party to enforce and collect an arbitration award, especially when, as in the present case, the arbitration is a foreign arbitration, and the respondent is uncooperative.

Although CPLR § 7502(c) replaces the grounds for an attachment, courts require petitioners to show the following: (1) "there is a cause of action," (2) "it is probable that the plaintiff will succeed on the merits;" (3) "the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief." and (4) "the amount demanded from the defendant exceeds all counterclaims known to the plaintiff" *Mishcon*, 2011 U.S. Dist. LEXIS 150998 at *13-17.

In its Opposition Cupcake does not contest requirements (1), (2) and (4). Opp. at 6-11.[3]

---

[3] Having filed no answer in the arbitration it would have been hard for Cupcake to contest the merits of the arbitration. Schmidt Decl., ¶ 25; Exh. 14.

The sole ground raised in its Opposition is that Glispa has not proven that the arbitration award *will be rendered*[4] ineffectual. Opp. at 7.  However, the uncontested facts, including Mr. Powers's admissions, show that an arbitration award may be rendered ineffectual without an attachment of the accounts receivable.[5]

## II.      The Uncontested Facts Show That An Arbitration Award May Be Rendered Ineffectual Absent Attachment

CPLR § 7502(c) requires the petitioner to show that an award may be rendered ineffectual without an attachment.  The Second Circuit has stated that such a requirement amounts to inquiring whether the petitioner "has need for the attachment." *See Capital Ventures Int'l v. Rep. of Argentina,* 443 F.3d 214, 221 (2d Cir. 2006).  Further, the Appellate Division has held that merely "demonstrat[ing] the possibility, if not the likelihood, that absent the attachment being requested, the ultimate arbitration award would be severely compromised" will satisfy the petitioner's burden. *County Natwest Sec. Corp. USA v. Jesup Josephthal & Co.*, 180 A.D.2d 468, 468, 579 N.Y.S.2d 376 (N.Y. 1st Dep't 1992).

Courts have found a need for an attachment where the petitioner demonstrated the respondent's potential insolvency; where the respondent has transferred its assets to another; where the respondent is a shell company without appreciable assets; where the respondent has historically failed to pay creditors; or where the respondent has stated intent to remove assets from the jurisdiction. *See. e.g., Shah v. Commercial Bank,* No. 09 Civ. 6121, 2010 U.S. Dist. LEXIS 19717 at *10 (S.D.N.Y. Mar. 4, 2010).  As shown below, the uncontested evidence submitted by Glispa satisfies several of these reasons.

---

[4] As shown below, this was not the proper standard.  The correct standard is whether the award "*may be rendered* ineffectual" absent the order of attachment.

[5] Given Respondent's statements that Cupcake's computer equipment is necessary for the continued operation of the business Petitioner only seeks attachment of accounts receivable up to the amount of the likely arbitration award.

A.      **Cupcake improperly required Glispa to meet a heightened standard of proof**

In its Opposition, Cupcake argued that Glispa must prove that the ICC arbitration award "*will be rendered*" ineffectual absent an attachment.  Opp. at 7. However, this heightened standard is contrary to CPLR § 7502(c) which only requires proof by the preponderance of the evidence that any ICC arbitration award "may be rendered ineffectual without such provisional relief." CPLR § 7502(c).  Thus, Respondent's arguments which hinged on the heightened standard are inapplicable.

B.      **The uncontested facts show a recent pattern of not paying creditors and not cooperating in proceedings**

The uncontested evidence shows a series of recent failures that indicate financial trouble for Cupcake.  These failures include failure to pay Phillips Nizer, Glispa, the State of Delaware and the ICC.  Schmidt Decl., ¶¶ 21, 35-36; Exhs. 3, 9-12, 21, 23.[6]  In addition, there has been recent failures to cooperate or participate in proceedings causing delay and increasing costs. *Id.* at ¶¶ 25-37.

The course of events between Glispa and Cupcake is quite illustrative of the Cupcake's selective non-payment of creditors and its evasive tactics.  On September 8, 2014, Glispa and Cupcake entered into an Insertion Order ("Contract") whereby Glispa would provide advertising services for four months starting January 2015 with invoices sent on a monthly basis.  Schmidt Decl. at ¶ 15; Exh. 8.  Glispa performed the services in January and sent to Cupcake Invoice No. 224168 on January 31, 2016 for services rendered for January.  *Id.*, Exh. 9.  This invoice was due on February 28, 2015. *Id.*  On March 9, 2015 the "glispa Team" sent out a reminder that Invoice No. 224168 was overdue and Glispa has "not seen this payment come in."  Koch Decl., Exh. 1 at

---

[6] Schmidt Decl. refers to the Declaration of Thorsten Schmidt filed in support of Petition on March 23, 2016.

4

6.[7]  On March 20, 2016 having heard nothing from Cupcake the glispa team sent another email stating that payment for this invoice still was not received and ended by stating "[i]f you have any questions concerning the overdue invoice, feel free to contact me at any time." *Id.* at 5-6. Glispa did not respond.  Further requests for payment were sent on March 25, 2015; March 31, 2015; April 8, 2015 and April 13, 2015 before Glispa finally received a reply from Daniel Weber which instead of either disputing the invoice or confirming imminent payments, merely stated that "Jamaal is in charge of our accounting and responsible for paying vendors. Jamaal, can you please get in touch with Caio from Glispa." *Id.* at 1-5.  Mr. Weber's response was clearly a delaying tactic as Jamaal Brown had been copied on all of the previous email reminders sent by Glispa. *Id.* at 1-6.

It must be remembered that by this time in April 2016 Glispa's services to Cupcake were winding down.  Thus, Cupcake knew it could decide not to pay Glispa and would not suffer any disruption of its services. This pattern of delay continued for the other invoices as well. *See* Koch Decl., Exh. 2.

Cupcake continues to employ these tactics of evasion and non-cooperation. On February 4, 2016 Respondent was ordered to pay its 50% share of advance on costs by March 7, 2016. Koch Decl., Exh. 3 at 2.  When Cupcake did not pay Glispa applied to the arbitrator for an interim order ordering Cupcake to pay its share of advance on costs. *Id*.  The arbitrator granted Cupcake until March 31, 2016 (the same day as the hearing in this case) to pay its share of costs or "alternatively, to reply to the claimant's request for an interim order." *Id*.  Cupcake failed to do either forcing the arbitrator to issue an interim order commanding Cupcake to pay its share of advance on costs by April 8, 2016. *Id*. at 2-3.  Cupcake has not complied with this order, and to

---
[7] Koch Decl. refers to the Declaration of Bruce Koch filed concurrently with this reply.

5

date, has not paid its share of the advance on cost. *Id.*, ¶ 10. This history makes it likely that Cupcake will not willingly comply with any ICC arbitration award. Noticeably, Mr. Powers in his declaration does not state that Cupcake will comply with any arbitrator's award. Powers Decl., ¶ 13. These failures to pay and to participate confirm financial and corporate problems at Cupcake and indicate the need for attachment. *See Capital Ventures Int'l.*, 443 F.3d at 221.

**C.    Attachment of a portion of accounts receivable should not prejudice Cupcake if it is financially solvent**

Cupcake argued that an order attaching a portion of its accounts receivable would "severely hinder[]" its survival as an ongoing concern. Opp. at 11. Thus, by its own admission, Cupcake currently is operating on the very brink of bankruptcy and has no extra revenue for which to pay Glispa in the future. A financial healthy company with a positive cash flow and a reserve of cash would not be prejudiced by an attachment of a portion of its accounts receivable. Thus, this factor actually favors an order of attachment to preserve Glispa's pre-existing claim.

**III.    <u>Respondent's Other Arguments Have No Merit</u>**

**A.    Cupcake's failure to pay Phillips Nizer is not an isolated incident**

Cupcake argues that the Phillips Nizer litigation is a single isolated incident which may not have merit. Opp. at 7-8. However, the uncontested facts show a pattern of recent failures to pay creditors, including Phillips Nizer, Glispa, Delaware and the ICC. *See supra* at 4. In addition, the uncontested facts show a series of failures to cooperate, including failing to file answers in the Phillips Nizer litigation and the underlying ICC arbitration. *See id.*

Moreover, Cupcake's insinuation that "it is possible that Philips Nizer's cause of action against Respondent is not well-founded or will prove meritless—as clients often assert that their counsel overcharged them" (Opp. at 7) is equally without merit. If this was so, Cupcake would have filed an answer with denials and/or affirmative defenses which it did not do. Schmidt

Decl., ¶ 37.

Cupcake's reliance on *Swift Splash Ltd. v. The Rice Corp.*, No. 10 Civ. 6448, 2010 U.S. Dist. LEXIS 101324, 2010 WL 3767131 (S.D.N.Y. Sept. 27, 2010) is misplaced.  Opp. at 8. *Swift Splash* actually supports an order of attachment in the present case.  First, the court in *Swift Splash* rejected petitioner's argument that The Rice Corporation ("TRC") had a history of not paying creditors because the claimed proceedings were all *Rule B of the Supplemental Rules* which have a very low requirement for an attachment.  *Id* at *9.  In contrast, Cupcake's history of not paying its creditors is well founded.  *See supra* at 4.  Significantly, Cupcake has not filed answers in either the Phillips Nizer litigation or in the underlying ICC arbitration and in its Opposition does not deny any of the four known failures to pay creditors. These are only the presently known failures and there may be others.[8]

Second, in *Swift Splash,* TRC presented objective evidence that it had the financial means to pay any arbitration award. *Id* at *8 (TRC "has a financial capacity well in excess of the damages claimed by the petitioner.").  In fact, TRC set up an escrow account with funds sufficient to cover any award that could only be withdrawn with the consent of both TRC and a third-party, thus preventing unilateral dissipation by TRC. *Id.* at *11.  In contrast, the only information regarding the financial ability of Cupcake to pay an arbitration award is the CEO's self-serving statements in his declaration that was not supported by any objective evidence such as bank account records or accounting statements.  In addition, Cupcake has not set up an escrow account with funds sufficient to cover Glispa's arbitration award to ensure that Glispa receives payment.

Third, TRC fully cooperated and participated in the underlying arbitration, and, in fact,

---

[8] Mr. Powers alludes to the fact that Cupcake uses its revenue to pay salaries and the invoices of "*critical* vendors." Powers Decl., ¶ 14.

initiated the arbitration against Swift Splash. *Id.* at *8.  Moreover, TRC had proven that it "never 'failed to pay any monies due to another party as a result of a settlement or arbitration award.'" *Id*. at *9.  In contrast, Cupcake has refused to participate in the litigation brought by Phillips Nizer and in the ICC arbitration.  Schmidt Decl., ¶¶ 26-36.

Noticeably, respondent fails to address *Mishcon*, a case extensively cited in Petitioner's opening memorandum and which is directly on point.  In *Mishcon* this Court granted an *ex parte* order of attachment and then confirmed this award over respondent's objection solely on the basis of petitioner's representation that respondent had failed to pay three creditors. *Mishcon*, 2011 U.S. Dist. LEXIS 150998 at *35-36.  The present situation is even stronger than *Mishcon*.  Glispa has proven by documentary evidence Cupcake's failure to pay Phillips Nizer, Glispa, State of Delaware and the ICC. Thus, Glispa has met its burden to prove that it is more likely than not that an arbitration award may be rendered ineffectual by the time that an award is given by the ICC.

**B.    The Powers Declaration confirms the financial problems at Cupcake**

The Powers Declaration is deceptively drafted to give a first impression that Cupcake is fanatical sound and stable.  However, a more careful review of this declaration shows a company in financial distress.  The first thing one quickly concludes is that all of Mr. Powers's statements, especially about Cupcake's financial status, are very general and give no information as to the depth of Cupcake's finances.  For example, he states that Cupcake is not insolvent and has a "positive balance in its bank."  Powers Decl., ¶ 10.  However, no information is provided as to the magnitude of any "positive balance;" $1, $10, $1,000 or $100,000?[9]  This would be vital to

---

[9] Confidentiality concerns could not have been a factor as the ECF system provides a method to file documents and exhibits under seal. *See* http://www.nysd.uscourts.gov/ecf/ECF%20Rules%20Revision%20060815-FINAL%20+%20090115%20Addendum%20v1.pdf

evaluating Cupcake's ability to pay an arbitration award.  Further, Mr. Powers states that "Cupcake's accounts receivable and equipment are vital to its continued existence. Cupcake relies on its monthly revenues earned from the sale of its products to meet its current obligations, including employee salaries, technology costs, and other *critical* vendor accounts payable." Powers Decl., ¶ 14 (emphasis added).  Instead of allaying concerns about the financial health of Cupcake, this statement actually implies that Cupcake's revenues are not sufficient to pay *non-critical* vendors such as Phillips Nizer, Glispa and possible others whose work likely have been completed.

A second significant fact is that Mr. Powers does not provide any documents to support his statements regarding Cupcake's finances.  For example, no bank statements, P&L statements or other accounting statements are provided rendering his statements just bare assertions of financial health.  *Compare Camilli v. Meyers Assoc. L.P*, 2016 NY Slip Op. 30539(U) at 2 (Sup. Ct. N.Y. Cty. April 13, 2015) (Annual Audit Report showed capital sufficient to cover any arbitration award).[10]  Lacking objective evidentiary support, Mr. Powers's statements carry little to no weight and are clearly outweighed by the uncontested facts showing multiple non-payments to Phillips Nizer, Glispa, the State of Delaware and the ICC.

Third, the Powers Declaration does not allay any concerns about Cupcake complying with an arbitrator's award.  As shown above, despite an arbitrator's order to pay its share of advance on costs by April 8, 2016, Cupcake to date has not paid such advanced costs.  Koch Decl., ¶ 10.  Further, although Mr. Powers states "Cupcake has no reason to believe that it will be unable to pay an award that may be issued against it in the Arbitration" (Powers Decl., ¶ 13), he omits any representation that Cupcake if ordered will actually pay, likely forcing Glispa to

---

[10] Koch Decl., Exh. 4.

9

spend time and money tracking down Cupcake and enforcing the arbitration award in the U.S..

For the reasons set forth above, the Powers Declaration and Cupcake's arguments based upon this declaration do not provide any counterweight to Glispa's documentary evidence and facts that show recent financial and structural problems at Cupcake that may render an arbitration award to Glispa ineffectual.

## CONCLUSION

For the reasons set forth above and in its opening memorandum, Petitioner respectfully requests that this Court grant its Petition for an order of attachment in aid of arbitration and grant such other relief as the Court deems warranted.

Dated: New York, New York
       April 13, 2016                       Respectfully submitted,

                                            GLISPA GmbH

                                            By: /Bruce Koch_____
                                            Thorsten Schmidt (Bar Code 3997350)
                                            Bruce Koch (Bar Code 2765600)
                                            SCHMIDT LLC
                                            708 Third Avenue, 6th Floor
                                            New York, New York 10017
                                            Tel:  (212) 809-1444
                                            *Attorneys for Petitioner Glispa GmbH*